UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MONTEA JACKSON,

    Petitioner,

vs.     Case No.   3:11-cv-171-J-32TEM
                                                       3:05-cr-292-J-32TEM
UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case is before the Court on Petitioner Montea Jackson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1),[1] the Government's Amended Motion to Dismiss (Doc. 6), Petitioner's Motion Requesting Leave to File Reply Motion (Doc. 7),[2] and Petitioner's Motion Requesting Leave to Amend (Doc. 9). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I.   Background**

On September 7, 2005, Petitioner was named in a three-count Indictment (Crim. Doc. 1) charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One), and two counts of distribution of cocaine base,

---

[1] Citations to Jackson's criminal case file, <u>United States of America v. Montea Jackson</u>, 3:05-cr-292-J-32TEM, are denoted as "Crim. Doc. ___." Citations to Jackson's civil § 2255 case file, 3:11-cv-171-J-32TEM, are denoted as "Doc. ___."

[2] Pursuant to this Court's Order filed on July 20, 2011 (Doc. 8), Petitioner's Motion Requesting Leave to File Reply Motion will be treated as a Response to the government's Amended Motion to Dismiss.

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two and Three). On February 16, 2006, Jackson entered a guilty plea to Count One of the Indictment, pursuant to a written plea agreement (Crim. Doc. 22).[3] Based on the predicate convictions, a 1993 conviction for burglary, a 1999 conviction for the sale or delivery of cocaine and a 2000 conviction for the sale or delivery of cocaine, Jackson was designated as an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act or "ACCA"). Accordingly, on September 8, 2006, he was sentenced to 180 months' imprisonment, the mandatory minimum (Crim. Doc. 36). Consistent with the terms of the plea agreement, no direct appeal was filed.

In Petitioner's § 2255 Motion, he challenges his designation as an armed career criminal. Specifically, Petitioner claims his prior conviction for burglary is no longer a predicate "violent felony" in light of Johnson v. United States, – U.S. –, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Also, Petitioner contends his predicate drug convictions do not qualify as "serious drug offenses" under § 924(e) of the ACCA. In addition, Petitioner claims he is actually innocent of being an armed career criminal. These arguments have not been raised in any earlier proceeding.

---

[3] The terms of the plea agreement provided that, in exchange for Petitioner's guilty plea to Count One, the government would dismiss the remaining two counts in the Indictment, recommend a downward adjustment of potentially three levels for Petitioner's acceptance of responsibility, and recognize any substantial assistance provided by Petitioner in the form of a downward departure motion pursuant to U.S.S.G. § 5K1.1. Id.

**II.    Discussion**

"A prisoner who fails to raise an issue on direct appeal is procedurally barred from raising that claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice." King v. United States, 419 Fed. Appx. 927, 927 (11th Cir. 2011)(citing Jones v. United States, 153 F. 3d 1305, 1307 (11th Cir. 1998)). "A petitioner may show a fundamental miscarriage of justice by demonstrating that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). In McKay v. United States, the Eleventh Circuit held that the actual innocence exception does not apply to claims of legal, rather than factual, innocence. 657 F.3d 1190, 1199 (11th Cir. 2011)("We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence."). That case, however, involved application of the "career offender" provision of the federal sentencing guidelines, § 4B1.1, not the ACCA.

McKay has been applied to find procedural default in an ACCA case. See United States v. Mongo, No. 1:98-cr-5-MP-GRJ, 2011 WL 6757007 (N.D.Fla. Dec. 23, 2011), adopting in part the recommendation of the Magistrate Judge that petitioner's § 2255 Motion be denied, finding that "McKay controls the outcome of Defendant's sentencing claim. Defendant's claim is procedurally defaulted . . . [and] the actual innocence exception does not extend to such claims of legal innocence of a predicate offense justifying an enhanced sentence." 2011 WL 6752011 at *4 (N.D.Fla. Nov. 9, 2011).

Though not specifically citing McKay, other courts in the Eleventh Circuit have

3

addressed petitioners' claims of "actual innocence" of an ACCA enhancement with mixed results. See Coney v. United States, No. CV 310-050, 2011 WL 3444470 (S.D.Ga. July 14, 2011)("Petitioner has offered nothing that suggests his claim . . . qualifies for the 'actual innocence exception' to the procedural bar. . . . Petitioner has failed to show any error in his ACCA sentence enhancement. Accordingly, Petitioner's claim . . . is procedurally defaulted, and for that reason alone he cannot obtain relief. . . ."); cf. Harris v. United States, 757 F.Supp.2d 1303, 1310 (S.D.Fla. 2010)("[T]his court concludes that the 'actual innocence' exception should apply here to avoid the fundamental miscarriage of justice which would otherwise result if petitioner were forced to serve an enhanced sentence which was not predicated on three valid convictions for 'violent felonies' or 'serious drug offenses' within the meaning of the ACCA.").

The Eleventh Circuit has yet to address the merits of a claim alleging "actual innocence" of an ACCA enhancement. However, the Court did vacate and remand a case following a concession by the government that the actual innocence exception should be extended to petitioners raising otherwise procedurally-defaulted claims challenging ACCA enhancements. In King v. United States, the district court denied petitioner's § 2255 motion on the grounds that petitioner had "procedurally defaulted the claims presented in his § 2255 motion by failing to argue on direct appeal that his conviction for carrying a concealed firearm did not qualify him for an enhanced sentence under the [Armed Career Criminal] Act." No. 09-20975-CV, 2010 WL 181458 at *6 (S.D.Fla. Jan. 12, 2010), vacated by King v. United States, 419 Fed. Appx. 927 (11th Cir. 2011). The Eleventh Circuit granted a COA to determine whether the lower court "erred in determining that the actual innocence

exception to the procedural-default rule does not apply to King's claim that his non-capital sentence under the Armed Career Criminal Act . . . violated his right to due process." 419 Fed. Appx. at 927. The Eleventh Circuit did not reach the merits of petitioner King's claim, holding that

> [i]n light of the Government's concession on appeal that the actual-innocence exception should be available to petitioners raising procedurally defaulted claims challenging non-capital sentences enhanced under the ACCA, we remand [petitioner's] case to the district court for a determination of whether [he] is actually innocent of the ACCA sentence enhancement.

Id. at 928. The government made no such concession in the present case.

Although petitioner's claim may be procedurally barred by his failure to raise the erroneous sentencing claim on direct appeal, since there is no clear precedent from the Eleventh Circuit on whether the actual innocence exception should be applied in the context of ACCA enhancements, the Court has chosen to address the merits of petitioner's claim. Notably, petitioner does not suggest that he is actually innocent of the predicate burglary conviction nor does petitioner suggest that he is actually innocent of the predicate cocaine convictions.  Instead, petitioner asserts that he is "actually innocent" of his career offender sentence, and thus the "fundamental miscarriage of justice" exception applies, because his predicate offense for burglary no longer qualifies as a "violent felony" and his prior drug offenses are not "serious drug offenses" under § 924(e).

Petitioner contends his burglary conviction under Section 810.02 of the Florida Statues does not qualify as a "violent felony" as that term is enumerated in the ACCA. The Supreme Court has explained that "[t]he [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor

5

vehicle." Shepard v. United States, 544 U.S. 13, 15-16 (2005). Although Section 810.02 does include a provision for burglary of a "conveyance," § 810.02(3)(d),[4] petitioner concedes in his § 2255 motion that his prior conviction was for burglary of a structure. See Doc. 1 at 15. The Eleventh Circuit has held that burglary of a structure, even when unoccupied, is a "violent felony" for purposes of the ACCA. See United States v. Bush, 437 Fed. Appx. 820, 821 (11th Cir. 2011). Petitioner also cites United States v. Johnson, 130 S.Ct. 1265 (2010), in support of his claim that his burglary conviction is not a "violent felony" under the ACCA. This reliance is clearly misplaced; the petitioner in Johnson also had a prior conviction for burglary and did not dispute that burglary is an ACCA predicate offense, but instead challenged his prior conviction for battery. Id. at 1269.

Next, petitioner cites United States v. Sanchez, 586 F.3d 918 (11th Cir. 2009), to support his contention that his prior drug offenses do not qualify as "serious drug offenses" under the ACCA. This reliance, too, is misplaced. Sanchez involved application of 18 U.S.C. § 3559(c) rather than the ACCA and, although petitioner contends the Eleventh Circuit has often recognized similarities in these statutes, the application of Sanchez to ACCA enhancements has been specifically rejected. In Brantley v. United States, No. 8:11-cv-1750-T-33EAJ, 2011 WL 6057510 (M.D.Fla. Dec. 6, 2011), the petitioner raised nearly identical arguments of actual innocence under the ACCA based upon a claim that his prior drug offenses were not "serious drug offenses" and therefore the enhancement was

---

[4] The current version of Florida Statute § 810.02 also includes burglary of an "authorized emergency vehicle," 810.02(3)(e), but that provision was added in 2007, well after petitioner's conviction in 1993. See Fla. Stat. Ann. § 810.02 (West 2011).

6

unconstitutional. The court stated

> Section 924(e) defines "serious drug offense" as either a federal drug offense punishable by a maximum term of 10 years' imprisonment or longer, or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," also punishable by a maximum of 10 years' imprisonment or longer. Sale or delivery of cocaine both qualify as serious drug offenses for purposes of ACCA.

Id. at *8 (citation omitted). Addressing petitioner Brantley's reliance on Sanchez, the court noted that "Sanchez involved a sentence enhancement under 18 U.S.C. § 3559(c) rather than the ACCA. As such, it is not applicable here." Id. The Eleventh Circuit has applied the relevant provisions of § 924(e) in the same manner. See United States v. Pitts, 394 Fed. Appx. 680, 683-84 (11th Cir. 2010); United States v. Adams, 372 Fed. Appx. 946, 950-51 (11th Cir.), cert. denied, – U.S. – , 130 S.Ct. 3527 (2010); United States v. Hodges, 186 Fed. Appx. 959, 962 (11th Cir. 2006).

In the present case, the Court discussed at length during petitioner's sentencing the three offenses used to enhance his sentence under the ACCA and found they did qualify. (Doc. 6-1 at 7-10). As the language of § 924(e) encompasses all three of petitioner's predicate offenses, his sentence was properly enhanced under the ACCA and there has been no miscarriage of justice. Petitioner is not entitled to relief.

Accordingly it is hereby

**ORDERED:**

The United States' Amended Motion to Dismiss (Doc. 6) is **GRANTED**. Petitioner Montea Jackson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

(Doc. 1) is **DENIED**.[5]  The Clerk shall close the file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(I).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of February, 2013.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

---

[5]  The Court has considered Petitioner's other arguments and finds them without merit. Petitioner's Motion Requesting Leave to Amend (Doc. 9) is denied as moot.

ab.
Copies:
counsel of record
pro se party

ab.
Copies:
counsel of record
pro se party