**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MONTEA JACKSON,

        Petitioner,

vs.                                         Case No.    3:11-cv-171-J-32TEM
                                                                     3:05-cr-292-J-32TEM

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

This case is before the Court on Petitioner Montea Jackson's Motion for Reconsideration Pursuant to Rule 59(e) of the Fed. R. Civ. P. (Doc. 11) of this Court's February 13, 2013 Order dismissing his § 2255 petition (Doc. 10), and Petitioner's Motion Requesting Leave to File Citations of Supplemental Authorities (Doc. 12).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)) . Petitioner Jackson does not raise a claim of newly-discovered evidence. Instead, he argues the Court failed to address all of the claims raised in his § 2255 petition in violation of Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992). Doc. 11 at 1. Specifically, petitioner alleges that the Court did not address his claim, raised only in a motion to amend his § 2255 petition (Doc. 9), that his prior convictions for sale or delivery of cocaine are not "serious drug offenses" within the meaning of the ACCA because they are strict liability offenses and the statute under which he was convicted, Section 893.13, Florida Statutes, is unconstitutional. Id.

In its Order dismissing his § 2255 petition, the Court rejected petitioner's argument that his two prior state convictions for sale or delivery of cocaine did not qualify as "serious drug offenses," and petitioner's Motion Requesting Leave to Amend and/or Supplement Pursuant to Fed. R. Civ. P. 15(a) and/or 15(c) (Doc. 9) was accordingly denied as moot.[1] The Court therefore did consider petitioner's claim that his prior convictions were not "serious drug offenses" and determined it to be without merit.[2] His contention that the Court's Order violated the principles set forth in Clisby is equally meritless, and he has failed to show any manifest errors of law or fact that would entitle him to reconsideration of the Court's Order dismissing his § 2255 petition.

Accordingly it is hereby

**ORDERED:**

---

[1] As the basis for the motion to amend his § 2255 petition, Jackson relied upon the district court's holding in Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D. Fla. 2011), that Section 893.13, Florida Statutes, was unconstitutional. That decision was subsequently reversed by the Eleventh Circuit, 691 F.3d 1348 (11th Cir. 2012), which had the benefit of a recent Florida Supreme Court decision upholding the constitutionality of the statute. State v. Adkins, 96 So.3d 412 (Fla. 2012)(finding that Fla. Stat., Section 893.13, as amended, did not eliminate the mens rea requirement as to the presence of the substance, only the knowledge of its illicit nature, and was therefore constitutional). Thus, even if the Court had specifically addressed this argument, Jackson would not have prevailed.

Moreover, defendants are prohibited from attacking the validity of prior state court convictions in federal sentencing proceedings unless the convictions were obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485, 487 (1994).

[2] Recent decisions of the Eleventh Circuit further support the Court's conclusion that petitioner's sentence was properly enhanced under the ACCA. See, e.g., United States v. Johnson, 515 F. App'x 844 (11th Cir. Apr. 5, 2013)(determining a Florida conviction for sale or delivery of cocaine qualifies as a "serious drug offense" under the ACCA); United States v. Johnson, No. 13-14093, 2014 WL 2884098 (Jun. 26, 2014) (two prior convictions for the sale of cocaine under Fla. Stat. 893.13(1)(a)(1) qualified as ACCA predicate offenses).

    1. Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of the Fed. R. Civ. P.  (Doc. 11) is **DENIED**.

    2. Petitioner's Motion Requesting Leave to File Citations of Supplemental Authorities (Doc. 12) is **DENIED AS MOOT**.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

    IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(I).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

    **DONE AND ORDERED** at Jacksonville, Florida this 8th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ab.
Copies:
counsel of record
pro se party